[Civ. No. 890. Fourth Appellate District.—June 30, 1932.]

## M. J. ALEXANDER, Respondent, v. SHELL COMPANY OF CALIFORNIA (a Corporation), Appellant.

O'Melveny, Tuller & Myers and Pierce Works, for Appellant.

M. W. Conkling for Respondent.

SCOVEL, J., *pro tem.*—This is an action for damages for breach of contract. On March 21, 1927, plaintiff and defendant entered into a written agreement for a period of one year during which time plaintiff agreed to buy from defendant and defendant agreed to sell to plaintiff all the gasoline the latter might require for use or resale at his service station located east of Holtville in Imperial County at a price of six cents per gallon less than the current retail price thereof in Holtville. Deliveries were made under the contract until May 28, 1927, at which time defendant

refused to make further deliveries. At the trial it appeared that subsequent to May 28, 1927, and until March 21, 1928, plaintiff purchased gasoline for sale in his service station from various other dealers and it was stipulated that he could at all times have purchased as much gasoline as he desired at the retail price of twenty-three cents. It also appeared that plaintiff on one day prior to the breach of the contract by defendant sold 300 gallons of gasoline at the price of twenty cents per gallon, which was three cents under the current retail price. The total amount of gasoline purchased for resale during the period above mentioned was 17,955 gallons, the price paid therefor by plaintiff being approximately two cents per gallon more than he would have paid had defendant furnished gasoline in accordance with the contract. The jury returned a verdict in plaintiff's favor in the sum of $3,000. From the judgment entered thereon defendant appeals.

█ It is the contention of defendant that the verdict is not supported by the evidence, asserting that the damages sustained by plaintiff are capable of exact measurement under sections 3308 and 3354 of the Civil Code. Section 3308 of the Civil Code provides that the damage caused by the refusal of a seller to deliver personal property where the price has not been paid in advance is the excess in the value thereof to the buyer over the amount which would have been due to the seller under the contract if it had been fulfilled.

Section 3354 of the Civil Code provides that in such a case the value of the property to a buyer is deemed to be the price at which he might have bought an equivalent thing in the market nearest the point of delivery at such time after the breach as would suffice with reasonable diligence for him to make such a purchase. Defendant asserts that plaintiff's damages therefore are the difference in the price he actually paid for gasoline purchased subsequent to the breach and the price that he would have paid had the gasoline been purchased from the defendant under the contract.

Respondent admits that the two foregoing sections lay down the proper rule for estimating the damages but claims the amount of damages must be determined by the estimated gallonage that he would have purchased under the contract

had it not been broken by defendant and that to estimate such gallonage the testimony of plaintiff as to the amount sold on one day at twenty cents per gallon, or 300 gallons, is sufficient to support the verdict of the jury. In other words, plaintiff having on one day sold 300 gallons of gasoline the jury were at liberty to assume that he might have sold the same amount every day during the term of the contract and that his damages are therefore the product of such total amount multiplied by the difference between his retail price and the contract price, or three cents a gallon.

Respondent in his brief states that his selling cost was three cents per gallon, from which it appears that upon the day selected by him to estimate the gallonage the resale was made at no profit. Had defendant continued therefore to furnish him gasoline under the contract, and had sold the same at such price no profit whatsoever would have resulted. If plaintiff's theory is true and constitutes the proper method of estimating the amount of damages, then through a breach of the contract he makes a profit of approximately $3,000, while had the contract been fulfilled no profit whatsoever would have resulted. That such is not the proper rule to be applied seems self-evident. A party may not recover more from the breach of a contract than he would have received through its performance (Civ. Code, sec. 3358).

It is true that defendant having voluntarily breached the contract is in no position to demand proof of plaintiff's damages by reason thereof with great particularity or exactness. (*Pye* v. *Eagle Lake Lumber Co.*, 66 Cal. App. 584 [227 Pac. 193].) It is also true that plaintiff, upon defendant's failure to deliver under the contract, need not have bought the gasoline that he required in the open market. He might have refused to purchase at all and based his damages upon the difference between the cost of the gallonage he would have required under the contract at the contract price and the market price therefor. However, having gone into the open market and purchased gasoline, we are of the opinion that his gallonage requirement would be fixed by the amount so purchased, in the absence of any showing that this amount was not sufficient to fill his reasonable, normal demands. Certainly to estimate plaintiff's

requirements over a period of ten months for the purpose of determining the damages by basing it upon one day's sale at no profit would be to indulge in the wildest speculation and conjecture. As well might the amount be measured by the quantity of gasoline that he could give away on any one day.

Plaintiff in his brief states that apparently the jury accepted 300 gallons per day as his reasonable requirements. If this be true an allowance of some three cents per gallon was made in arriving at the verdict of $3,000. However, under such construction of the verdict plaintiff receives a substantial profit by the breach of the contract while he would have received no profit had it been completed. If plaintiff desired to base the probable gallonage requirements under the contract upon previous sales he should have produced evidence as to the amount of such sales over a reasonable period of time prior to the breach made during the usual course of business and not the volume of sales made under particular circumstances or at a "sale price." We are of the opinion that the verdict is not supported by the evidence.

Defendant insists that since the actual amount of gasoline purchased by plaintiff after the breach of the contract, together with the actual amount paid therefor by him, appears in the record we should order judgment entered in favor of plaintiff for the difference between the actual cost thereof and what it would have cost under the contract. Upon a retrial of the matter, however, it might appear that by reason of transportation difficulties, or for other reasons, the amount of gasoline actually bought by plaintiff was not sufficient to supply his reasonable and normal market requirements, in which case he would be entitled to show what such amount would have been. Having proceeded under an erroneous theory, we do not feel that plaintiff should be precluded from producing, upon a retrial, such additional and proper evidence as may be available.

The judgment is reversed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 30, 1932, and an

application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1932.